IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 22-33231-H1-13 |
| | § | |
| Myrta I. Torres | § | |
| | § | |
| | § | |
| Debtor(s) | § | Chapter 13 |

**DEBTOR(S)' OBJECTION TO
NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES, AND CHARGES
AND MOTION FOR DETERMINATION**
(Regarding Docket No(s). 54)

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**A HEARING HAS BE SET ON THIS MATTER ON JUNE 13, 2023 AT 9:00 AM ON THE 4TH FLOOR, COURTROOM 404, UNITED STATES BANKRUPTCY COURT, 515 RUSK ST., HOUSTON, TEXAS 77002.**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

**COMES NOW MYRTA I. TORRES** (the "Debtor(s)") and files this *Objection to Notice of Postpetition Mortgage Fees, Expenses, and Charges and Motion for Determination* and in support thereof would show the following:

**Facts**

1. On October 30, 2022, Debtor(s) filed this bankruptcy case.

2. On April 5, 2023, U.S. Bank Trust NA (the "Creditor") filed its *Notice of Postpetition Mortgage Fees, Expenses, and Charges* (Docket No. 54) (the "Notice") pursuant to Fed. R. Bankr. P. 3002.1(c) seeking fees, expenses, and charges (collectively the "Fees") which it asserts are recoverable against the Debtor(s) or against the Debtor(s)' principal residence in the amount of $1260.00 which were allegedly incurred for preparing a proof of

claim including a loan payment history ($800.00) and for review of the plan ($400.00) and for property inspections fees ($60.00).

### Standard

3.      Creditor may not seek fees for administrative functions that do not constitute the practice of law, which in turn cannot be subject to attorney's fees, nor may it seek fees for ministerial filings and ministerial acts such as reviewing emails, revising, and e-filing. *In re Raygoza*, 556 B.R. 813, 823-824 (Bankr. S.D. Tex. 2016). The fees sought must be attributable to actual legal work based on evidence regarding time records and hourly rates. *Id.* at 824.

4.      Moreover, Creditor's Notice must include sufficient information supporting any such fee request under U.S. Trustee Guidelines such as an adequate description of each service rendered, the date each service was rendered, the name or initials of the person providing each service, the hourly rate of that person, the amount of time spent by that person on each specific service, and the value of each service that was rendered. *In Re Shotlow*, Case No. 18-35219-H4-13, slip op. order at 2-3 (Bankr. S.D. Tex., 6/12/2019) (citing U.S. Dep't of Justice, Guidelines for Reviewing Applications for Compensation (Fee Guidelines) (2013), https://www.justice.gov/sites/default/files/ust/legacy/2013/06/28/Fee_Guidelines.pdf).

### Objection

5.      Debtor(s) objects to the Notice pursuant to 11 U.S.C. § 502(b)(1) and Fed. R. Bankr. P. 3007 and seeks a determination pursuant to Fed. R. Bankr. P. 3002.1(e) as to whether payment the Fees is required by any underlying agreement and applicable non-bankruptcy law, and if so, whether the Fees are reasonable;  preclusion from evidence of information Creditor failed to include in the Notice pursuant to Fed. R. Bankr. P. 3001(c)(2)(D)(i) and 3002.1(i)(1), and an award of reasonable expenses and attorneys' fees to the undersigned firm that were incurred in seeking this Objection which were caused by such failure pursuant to Fed. R. Bankr. P. 3001(c)(2)(D)(ii) and 3002.1(i)(2) and/or pursuant to the Court's inherent powers and statutory authority under 11 U.S.C. § 105.

6.      Debtor(s) contends that : the invoices attached to the Notice do not adequately

support the Fees Creditor seeks therein as required under U.S. Trustee Guidelines and/or under Fed. R. Bankr. P. 2016(a).

7.     On April 5, 2023, the undersigned contacted counsel for Creditor and requested further information, however, counsel for Creditor has failed to provide any further information.

8.     Notwithstanding, Debtor(s) further contends that the amount of the Fees Creditor seeks in the Notice are excessive, not reasonable, or necessary.

9.     Debtor(s) would note that these types of fees sought under similar notices have been denied *in their entirety* for the reasons set forth above in several other cases. *Id* slip op. order at 4.

10.    Accordingly, Debtor(s) respectfully requests that the Court enter an order:

   a.    disallowing the Fees *in their entirety* and *with prejudice* pursuant to 11 U.S.C. § 502(b) or determining whether payment the Fees is required by any underlying agreement and applicable non-bankruptcy law ;

   b.    that any disallowance or determination of such Fees shall survive the dismissal of this case pursuant to 11 U.S.C. § 349;

   c.    that Creditor shall remove or adjust the Fees in Debtor(s)' underlying account and maintain an accurate accounting of same to ensure such Fees are not charged to Debtor(s) or are charged only in the amount determined by the Court;

   d.    that Creditor is precluded from presenting information omitted from the Notice, in any form, as evidence in any contested matter or adversary proceeding pursuant to Fed. R. Bankr. P. 3001(c)(2)(D)(i) and 3002.1(i)(1), including, but not limited to, information required under Fed. R. Bankr. P. 3001(c) and 3002.1(c), U.S. Trustee Guidelines, and/or under Fed. R. Bankr. P. 2016(a); and,

   e.    awarding the undersigned firm reasonable and necessary attorneys' fees and costs incurred in seeking this Objection caused by Creditor's failure to provide such omitted information pursuant to Fed. R. Bankr. P. 3001(c)(2)(D)(ii) and 3002.1(i)(2)

and/or pursuant to the Court's inherent powers and statutory authority under 11 U.S.C. § 105.

**WHEREFORE**, Debtor(s) requests that the Court grant the relief requested herein and grant Debtor(s) such other relief as is just.

Respectfully submitted,

**GUZMAN LAW FIRM**

*/s/ Eloise A. Guzman*

_____

**Eloise A. Guzman**
State Bar No. 08654570; Fed ID 7685
eloise@guzmanbk.com
*Attorneys in Charge for Debtor(s)*
8225 Gulf Freeway
Houston, Texas 77017
(713) 378-9900  Phone
(713) 378-9977  Fax

## CERTIFICATE OF SERVICE

      I hereby certify that on 04/18/2023, a true and correct copy of the foregoing was served on (1) all parties registered to receive electronic notices, (2) the parties on the attached list, if any, and (3) the following parties, if any.

<u>David G. Peake via ECF/CM</u>

<u>U.S. Trustee via ECF/CM</u>

<u>Debtor via U.S. Mail</u>
Myrta I. Torres
2714 Magnolia Ct.
Stafford, TX 77477

<u>Creditor via U.S. Mail</u>
U.S. Bank Trust NA
c/o Rushmore Loan Management Services
PO Box 55004
Irvine, CA 92619

<u>Via ECF/CM</u>
Chase Berger, Esq.
Ghidotti Berger
9720 Coit Road, Ste. 220-228
Plano, TX 75025


<u>Parties Requesting Notice</u>

| | |
|---|---|
| Chase Berger, Esq. | Perdue Brandon Fielder Collins & Mott |
| Ghidotti Berger | Attn: Melissa E. Valdez |
| 9720 Coit Road, Ste. 220-228 | 1235 North Loop West, Ste. 600 |
| Plano, TX 75025 | Houston, TX 77008 |

                                                                  */s/ Eloise A. Guzman*
                                                                  Eloise A. Guzman